**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Paula C. Yannuzzi,<br><br>Plaintiff,<br>v.<br><br>Carolina Sun Properties, LLC d/b/a Berkshire Hathaway HomeServices Carolina Sun Real Estate and Sean Leighton,<br><br>Defendants. | Case No. 2:25-cv-05877-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 27), recommending that the Court grant Defendants' motion for summary judgment (Dkt. No. 21) and dismiss this action without prejudice. Plaintiff objected to the R&R. (Dkt. No. 28). For the reasons set forth below, the R&R is adopted as the Order of the Court, Defendants' motion for summary judgment is granted, and this action is dismissed without prejudice.

## I. Background

Plaintiff filed this employment suit against Defendants, alleging sexual harassment and retaliation in violation of Title VII and asserting state-law claims for slander, interference with a contractual relationship and interference with licensing, respondeat superior, intentional infliction of emotional distress, and harassment and stalking. *See generally* (Dkt. No. 12).

Defendants moved for summary judgment on Plaintiff's federal law claim. (Dkt. No. 21). The Magistrate Judge recommended granting Defendants' motion, concluding that Plaintiff was an independent contractor, and thus she could not bring claims under Title VII. (Dkt. No. 27 at 5-

6). The Magistrate Judge specifically found that the record showed Plaintiff entered into agreements with Defendant Carolina Sun Properties identifying her as an independent contractor. *Id*. at 6. The record also showed that Plaintiff submitted real estate commission forms used to report "Nonemployment Compensation" and previously had a discrimination claim against Defendant Carolina Sun Properties dismissed by the South Carolina Human Affairs Commission for lack of an employer-employee relationship. *Id*.

Moreover, the Magistrate Judge articulated that, beyond her own conclusory assertions, Plaintiff failed to provide any evidence showing that she was an employee. *Id*. at 6-7. Accordingly, the R&R recommends granting Defendants' motion for summary judgment, declining to exercise jurisdiction over Plaintiff's remaining state-law claims, and dismissing this action without prejudice. *Id*. at 7-9.

Plaintiff filed two objections to the R&R. (Dkt. No. 28). Defendants filed a response in opposition. (Dkt. No. 29). This matter is now ripe for disposition.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

**B. Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (citation omitted). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996) (citation omitted). The party seeking summary judgment shoulders the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

### A. Objection One

In her first objection, Plaintiff contends that the Magistrate Judge erred by concluding that there was no factual dispute over whether she was an independent contractor because "[t]here is a genuine issue whether [she] signed any Individual Contractor Agreement." (Dkt. No. 28 at 2-3). The Court disagrees.

Beyond her own conclusory statements, Plaintiff offers no corroborating evidence or other evidence showing that the signatures on any of the agreements she entered into with Defendant Carolina Sun Properties, which identify her as an independent contractor, are not hers. Indeed, a party's self-serving statement cannot by itself defeat summary judgment. *See CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658-59 (4th Cir. 2020) (citation omitted). As such, the Court finds that Plaintiff's bare assertions do not create a genuine dispute of material fact as to the authenticity of the signature on the agreements between her and Defendant Carolina Sun Properties. Thus, the Magistrate Judge correctly recommended that Defendants' motion for summary judgment on Plaintiff's Title VII claim should be granted.

### B. Objection Two

Plaintiff's second objection is more accurately characterized as a request than an objection identifying any error in the Magistrate Judge's R&R. Specifically, she requests that, "to the extent the Court adopts the R&R's recommendation that Plaintiff's claims be dismissed, [the Court should] specify that such state claims [are] dismissed without prejudice." (Dkt. No. 28 at 3).

Because this request does not challenge any portion of the R&R, it does not constitute a proper objection. *See Diamond*, 416 F.3d at 315. Nevertheless, because Plaintiff no longer has a viable federal cause of action and the parties are not diverse, the Court declines to exercise

supplemental jurisdiction over Plaintiff's remaining state-law claims and dismisses this action without prejudice. *See Chase Bank USA, NA. v. Wade*, No. 2:12-cv-3565-RMG, 2014 WL 12616158, at *1 (D.S.C. Mar. 21, 2014) ("The Court may decline to exercise supplemental jurisdiction . . . if 'the district court has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)). Plaintiff may, if she chooses, pursue her state-law claims in state court.

## IV. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 27) is **ADOPTED** as the Order of the Court, Defendants' motion for summary judgment (Dkt. No. 21) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 10, 2026
Charleston, South Carolina